IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROLANDO PEREZ ORTA,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-26-290-HE** |
| | **)** | |
| **DR. SCARLET GRANT,** | **)** | |
| **WARDEN et al.,** | **)** | |
| | **)** | |
| **Respondents.** | **)** | |

## REPORT AND RECOMMENDATION

Pro se Petitioner Rolando Perez Orta, an immigration detainee under a final order of removal seeks habeas corpus relief under 28 U.S.C. § 2241. Doc.1.[1] United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Because Petitioner is no longer in custody and this Court can grant no relief to Petitioner, the undersigned recommends the Court dismiss the petition as moot.

### I.    Petitioner's claims.

Petitioner states he has been in detention since May 11, 2025. Doc. 1, at 6. In four grounds for relief, Petitioner complains Immigration and Customs

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Enforcement (ICE) is violating his due process rights and its own regulations by keeping him in "prolonged detention" in a "prison" setting without a bond or custody review hearing, and "with no plans to remove [him] to [his] country. *Id*. at 6-7. He requests this Court order his immediate release or a bond hearing. *Id*. at 7.

## II.    Respondents' response and notice to the Court.

Respondents filed a response to the petition. Doc. 7. They noted that Petitioner is a native and citizen of Mexico who entered the United States without admission or parole after inspection in 2017. *Id*. at 2. ICE placed Petitioner in removal proceedings, and an Immigration Judge (IJ) ordered his removal in 2020. *Id*. at 2. ICE removed Petitioner to Mexico in January 2021, but he reentered the United States in March 2022. *Id*. at 2-3. ICE issued an Immigrant Detainer and warrant of arrest on May 13, 2025. *Id*. at 3. And, on June 20, 2025, they served Petitioner with a notice of intent to reinstate his prior removal order. *Id*. At some point, Petitioner moved in the immigration court to reconsider the reasonable fear determination, but an IJ denied that motion after a hearing held on March 18, 2026. *See Rolando Perez Orta*, A-218-149-506, https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 23, 2026); *see also* Doc. 9, at 2. That order was unappealable. Doc. 9, at 2.

On April 17, 2026, the undersigned ordered Respondents to update the Court on the immigration court proceedings. Doc. 8. Respondents filed that update on April 22, 2026. Doc. 9. Counsel for Respondents informed the Court that ICE removed Petitioner to Mexico on April 9, 2026. *Id*. at 1.[2]

## III.    Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts;[3] *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding that a federal court possesses "the discretion . . . to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief"). Having screened the petition, the undersigned recommends the Court dismiss the petition as moot.

---

[2]    In its initial order for response to the petition, the undersigned ordered Respondents to provide the Court with at least 72-hours "advance notice" of their intent to move Petitioner. *See* Doc. 5, at 2. Respondents acknowledge they did not give such notice to the Court. Doc. 9, at 2 n.2.

[3]    The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing 2254 Cases may be applied discretionarily to habeas petitions under § 2241." (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005))).

## IV.    The petition is moot because Petitioner is no longer in custody.

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' requirement of § 2241 is satisfied" if a petitioner files the habeas application while they are incarcerated. *King v. Ciolli*, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), & *Riles v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

A § 2241 petition must be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *cf. Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner was confined in this district when he filed his § 2241 petition. *See* Doc. 1, at 1. But he is no longer in custody as Respondents have removed him to his home country of Mexico. *See* Doc 9, Att. 1. Although this Court's jurisdiction attached when Petitioner filed his habeas corpus petition, his release from custody renders his petition moot.

4

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). A case becomes moot "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party . . . ." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

"Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009). A habeas petition does not become moot merely because a petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences "adequate to meet Article III's injury-in-fact requirement." *King*, 2024 WL 1179908, at *2 (quoting *Spencer*, 523 U.S. at 14).

Once Respondents released Petitioner from their custody, he no longer had a redressable injury arising from his "prolonged" detention. *See id.* (holding that a "petitioner must demonstrate some concrete and continuing injury" to overcome mootness after release from custody (quoting *Spencer*, 523 U.S. at 7)). So the best this Court could do would be to declare he was

wrongfully in custody in the first place. But that determination is wholly outside this Court's jurisdiction. *See, e.g.*, *Olola v. U.S. Att'y Gen.*, 2018 WL 11446899, at *2 (D. Colo. Mar. 7, 2018) ("Applicant may not use a § 2241 habeas application challenging the lawfulness of federal custody to seek review of an order of removal in federal district court. . . . The courts of appeals are the sole and exclusive means for judicial review of challenges to removal orders, and district courts are divested of jurisdiction to do so." (citing 8 U.S.C. § 1252(a)(5)); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) ("The district court lacked jurisdiction to consider Ferry's petition insofar as it challenged the DHS's administrative order of removal."); *Essuman v. Gonzales*, 203 F. App'x 204, 211 (10th Cir. 2006) ("The Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal." (internal quotation marks omitted)); 8 U.S.C. §§ 1252(a)(5); (b)(8)(C); (b)(9). So the Court should dismiss the petition as moot.

## V.   **Recommendation and notice of right to object.**

Petitioner's release from custody and removal to Mexico renders his petition moot because there is no live case or controversy for this Court to decide. The undersigned therefore recommends the Court dismiss the habeas corpus petition as moot. Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 7, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 23rd day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE